Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000699
12-SEP-2013
11:17 AM

NO. CAAP-11-0000699

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
FRANCISCO MAHUKA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-0186)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Francisco Mahuka (**Mahuka**) appeals from an August 9, 2011, Circuit Court of the First Circuit (**Circuit Court**) Judgment of Conviction and Sentence for Robbery in the Second Degree, Terroristic Threatening in the First Degree, and Abuse of a Family or Household Member.[1] Mahuka raises two points of error, contending that: (1) the Circuit Court committed plain error when it failed to instruct the jury on the lesser included offenses of Terroristic Threatening in the Second Degree and Harassment; and (2) he was deprived of his constitutional right to effective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mahuka's points of error as follows:

---

[1] The Honorable Randal K.O. Lee presided.

(1) Mahuka maintains that the Circuit Court committed plain error when it failed to instruct the jury on the lesser included offenses of Terroristic Threatening in the Second Degree[2/] and Harassment[3/] to Count Three, Terroristic Threatening in the First Degree. Mahuka contends that based on his testimony that he did not threaten the complaining witness with any knives, there was a rational basis in the evidence warranting a jury instruction as to the lesser included offenses. Mahuka further claims that the jury was not given the opportunity to consider the lesser included offenses, and therefore, the Circuit Court's plain error "contributed to [Mahuka's] conviction of Terroristic Threatening in the 1st Degree," thereby denying Mahuka's fundamental rights, and mandating that his conviction be vacated and a new trial ordered.

"It is well settled that the trial court must correctly instruct the jury on the law," in order to "insure the jury has proper guidance in its consideration of the issues before it." State v. Feliciano, 62 Haw. 637, 643, 618 P.2d 306, 310 (1980). Furthermore, in our judicial system, "the trial courts, not the parties, have the duty and ultimate responsibility to insure that juries are properly instructed on issues of criminal liability." State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (2001)

---

[2/]     HRS § 707-717(1) (1993) provides that "A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716[,]" i.e., including but not limited to terroristic threatening *without* the use of a dangerous instrument.

[3/]     HRS § 711-1106 (Supp. 2012) provides that a person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person, *inter alia*, "[s]trikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact," "[i]nsults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another," or "[m]akes a communication using offensively coarse language that would cause the recipient to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another."

(citations omitted). As articulated by the Hawai'i Supreme Court in Haanio, "trial courts are duty bound to instruct juries sua sponte regarding lesser included offenses, having a rational basis in the evidence." 94 Hawai'i at 415, 16 P.3d at 256 (citation, internal quotation marks, ellipsis, and footnote omitted). This is true "despite any objection by the defense, and even in the absence of a request from the prosecution." Id. at 414, 16 P.3d at 254. "[I]n the absence of such a rational basis in the evidence," however, "the trial court *should not* instruct the jury as to included offenses." State v. Kinnane, 79 Hawai'i 46, 49, 897 P.2d 973, 976 (1995). Accordingly,

> the trial court's failure to give appropriate included offense instructions requested by a party constitutes error, as does the trial court's failure to give an appropriate included offense instruction that has not been requested. Such error, however, is harmless when the jury convicts the defendant of the charged offense or of an included offense greater than the included offense erroneously omitted from the instructions. The error is harmless because jurors are presumed to follow the court's instructions, and, under the standard jury instructions, the jury, in reaching a unanimous verdict as to the charged offense or as to the greater included offense, would not have reached, much less considered, the absent lesser offense on which it should have been instructed.

Id. at 415-16, 16 P.3d at 256-57 (citations, internal quotation marks, brackets, and footnote omitted; emphasis added).

Harassment is not an included offense of Terroristic Threatening in the First Degree. State v. Burdett, 70 Haw. 85, 86, 762 P.2d 164, 165 (1988). With respect to Terroristic Threatening in the Second Degree, Haanio is dispositive. Notwithstanding Mahuka's argument that the jury was not given the opportunity to expressly and separately consider the lesser included offenses of Terroristic Threatening in the Second Degree and Harassment, the jury found Mahuka guilty of the charged offense in Count Three, Terroristic Threatening in the First Degree. Accordingly, any error in the Circuit Court's failure to instruct the jury as to a lesser included offense was harmless.

(2) Mahuka argues that his trial counsel provided ineffective assistance of counsel, contending that his attorney: (1) failed to object to or cross-examine the competency of the minor witness (**Minor**); (2) raised no objections during the State's opening statements and closing arguments, including the deputy prosecuting attorney's misstating of the evidence during closing arguments; (3) did not object or cross-examine any of the State's exhibits, readily stipulated to the admission of all of the State's exhibits, and made no attempts to question the validity of the evidence, conducted no voir dire of any of the State's witnesses on the exhibits that were offered into evidence, and failed to object to the "shear repetitiveness" of the State's exhibits and what they were offered to prove; (4) posed only two objections during the State's case-in-chief, and failed to object to leading questions, speculations, hearsay testimonies, questions and testimonies lacking foundations, questions asked and answered, cumulative testimony, irrelevance, misstating of the evidence, prejudice under HRE Rule 403, testimony beyond the scope of the witnesses' personal knowledge, and the deputy prosecuting attorney's testifying rather than asking questions; (5) failed to object to the jury instructions; (6) failed to cross-examine the State's witnesses; and (7) conducted cross-examination which was "perfunctory, showed lack of preparation and often elicited testimony damaging to his client and reiterated the same responses asked by the State."

Without specification, Mahuka claims that these errors "resulted in either the withdrawal or substantial impairment of a potentially meritorious defense," and further maintains that "[defense counsel] should have demanded that the State prove their case beyond a reasonable doubt."

The burden of establishing ineffective assistance of counsel rests upon the appellant. State v. Antone, 62 Haw. 346,

348, 615 P.2d 101, 104 (1980) (citation omitted). The defendant's burden is twofold:

> First, the appellant must establish specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment or diligence. Second, the appellant must establish that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. Where an appellant successfully meets these burdens, he will have proven the denial of assistance "within the range of competence demanded of attorneys in criminal cases."

Id. at 348-49, 615 P.2d at 104 (citations and footnote omitted; emphasis added). Moreover,

> General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry. Specific actions or omissions alleged to be error but which had an obvious tactical basis for *benefitting* the defendant's case will not be subject to further scrutiny. If, however, the action or omission had no obvious basis for benefitting the defendant's case *and* it "resulted in the withdrawal or substantial impairment of a potentially meritorious defense," then it will be evaluated as information that an ordinary competent criminal attorney should have had.

State v. De Guair, 108 Hawai'i 179, 187, 118 P.3d 662, 670 (2005) (ellipses and brackets omitted) (quoting Briones v. State, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993)).

While Mahuka generally lists alleged errors reflecting defense counsel's lack of skill, judgment, or diligence, Mahuka fails to meet his burden of showing that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.

Mahuka claims that defense counsel failed to object to Minor's competency to testify. Mahuka cites Minor's testimony at the competency hearing indicating that she knew the difference between a truth and a lie, but could not describe it. At that hearing, defense counsel stipulated to Minor's competency.

Defense counsel's decision to refrain from objecting constituted a legitimate tactical choice. "Defense counsel's tactical decisions at trial generally will not be questioned by a

reviewing court." <u>Antone</u>, 62 Haw. at 352, 615 P.2d at 106 (citation omitted).

> Lawyers require and are permitted broad latitude to make on-the-spot strategic choices in the course of trying a case. A defense attorney's freedom to make such decisions, however, is not without limits. Where trial counsel makes a critical tactical decision which would not be made by diligent, ordinarily prudent lawyers in criminal cases, the right to effective assistance of counsel may be denied.

<u>Id.</u> (citations omitted).

Generally, "[e]very person is competent to be a witness," however, "[a] person is disqualified to be a witness if the person is (1) incapable of expressing oneself so as to be understood, either directly or through interpretation by one who can understand the person, or (2) incapable of understanding the duty of a witness to tell the truth." HRE Rule 601, HRE Rule 603.1. At the time of the trial, Minor was fourteen (14) years of age. Minor further testified that she was in the Ninth grade at Waianae High School, and her favorite subject was English. Although she was unable to articulate the difference between a truth and a lie, Minor agreed that telling the truth is a good thing, while telling a lie is a bad thing. Minor was further able to identify a lie, as follows:

> [Prosecutor]: Okay. You see my jacket, what color is my jacket?
>
> [Minor]: Black.
>
> [Prosecutor]: Okay. If I told you my jacket is pink, is that the truth or a lie?
>
> [Minor]: Lie.

Minor also agreed that if you promise to do something, that means you're going to do it; thereafter, Minor promised to tell the truth throughout the proceedings. After defense counsel stipulated to Minor's competency, the Circuit Court explained to Minor that she would be under oath and sworn to tell the truth, and if she did not tell the truth she could get into trouble with the court. Minor stated that she understood. The Circuit Court

then found Minor competent to testify. Based on these circumstances, defense counsel's absence of objection does not demonstrate incompetence at trial, nor does it indicate the substantial impairment or withdrawal of a potential defense. See, e.g., Antone, 62 Haw. at 352-53, 615 P.2d at 106-07 (similarly finding that defense counsel's absence of objection to minor's competency to testify "does not demonstrate incompetence at trial" where the trial court was nevertheless likely to find minor competent to testify).

The majority of Mahuka's ineffective assistance of counsel claim pertains to defense counsel's failure to object, in certain instances, to the State's opening and closing remarks, the State's exhibits, witness testimony, and jury instructions. Mahuka notably fails to point to any objectionable remark, question, or testimony in the record on appeal in support of his position. Instead, Mahuka simply identifies general areas of trial testimony and exhibits admitted, and offers a broad assertion that no objection was made.

Mahuka claims that defense counsel failed to object during the State's opening statements and closing arguments, and that defense counsel did not object to the deputy prosecuting attorney's misstatement of the evidence during closing arguments. Apart from these assertions, Mahuka does not cite any objectionable statements, or misstatements, made by the deputy prosecuting attorney during either the State's opening statements or closing arguments. Similarly, Mahuka does not allege how, if at all, defense counsel's errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.

"An opening statement merely provides an opportunity for counsel to advise an outline for the jury, the facts and questions in the matter before them. Hence, the purpose of an opening statement is to explain the case to the jury and to

outline the proof. It is not an occasion for argument." State v. Sanchez, 82 Hawai'i 517, 528, 923 P.2d 934, 945 (App. 1996) (citations, internal quotation marks, and brackets omitted). Because the scope and extent of the opening statement is left to the sound discretion of the trial judge, "the trial court should exclude irrelevant facts and stop argument if it occurs. The State should only refer in the opening statement to evidence that it has a genuine good-faith belief will be produced at trial." Id. (citations and internal quotation marks omitted). After a thorough review of the trial transcripts, it appears that the deputy prosecuting attorney's (DPA) opening statements merely provided the jury an outline of the facts later produced at trial. The DPA's statements are devoid of any improper or objectionable remarks.

With regard to the prosecution's closing argument, "a prosecutor is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence. It is also within the bounds of legitimate argument for prosecutors to state, discuss, and comment on the evidence as well as to draw all reasonable inferences from the evidence." State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999) (citations and internal quotation marks omitted). Nevertheless, "prosecutors are bound to refrain from expressing their personal views as to a defendant's guilt or the credibility of witnesses." State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996). A thorough review of the DPA's closing argument indicates that the DPA discussed and commented on the evidence presented at trial, and articulated reasonable inferences that could have been drawn based on the evidence presented. The transcript does not indicate that the DPA expressed any personal views as to Mahuka's guilt or credibility, nor are Mahuka's claims of the DPA's misstatement of the evidence readily apparent from the trial transcripts. Moreover, the jury was instructed that statements

or remarks made by counsel are not evidence.[4]  The jury is presumed to have followed the court's instructions, State v. Jhun, 83 Hawai'i 472, 482, 927 P.2d 1355, 1365 (1996), and the jury is presumed to have relied on its own recollection of the evidence, rather than counsel's misstatements.  See State v. Mars, 116 Hawai'i 125, 135, 170 P.3d 861, 871 (App. 2007).

In light of the Circuit Court's instructions, the failure of Mahuka to point out any specific objectionable remark made by the DPA during opening statements and closing arguments, and the failure to establish what, if any, potentially meritorious defense was withdrawn or substantially impaired, Mahuka fails to establish ineffective assistance of counsel.  See Antone, 62 Haw. at 348-49, 615 P.2d at 104.

Mahuka generally claims that defense counsel failed to object or cross-examine any of the State's exhibits, and instead, readily stipulated to the admission of all of the State's exhibits.  Mahuka further claims that defense counsel made no attempt to question the validity of the evidence, conducted no voir dire of any of the State's witnesses on the exhibits offered into evidence, and failed to object to the "sheer repetitiveness"

---

[4]     At the beginning of the trial, the Circuit Court instructed the jury as follows:

> [B]efore we take evidence the next stage in the trial is the making of opening statements by the attorneys.  Again, the purpose of opening statement is to give you an outline of the evidence that the party expects will be presented to you.  It's essentially a preview of the trial as seen by that party.  Opening statements are not evidence, but merely intended to help give you an outline in considering the evidence.

Again, before the parties delivered their closing arguments, the Circuit Court similarly instructed the jury as follows:

> [A]t this time the attorneys will be making their closing arguments.  Again, closing arguments, like their opening statements, are not evidence[.]

Additionally, as part of the jury instructions, the Circuit Court clearly instructed the jury that "[s]tatements or remarks made by counsel are not evidence."

of the State's exhibits and what they were offered to prove. Although Mahuka claims that defense counsel failed to object to any of the State's thirty-three exhibits, Mahuka specifically points to two exhibits: (1) photos of the complaining witness's injuries; and (2) a certified document from the Department of Motor Vehicle, indicating that Mahuka's license was suspended at the time of the offense. Mahuka claims that defense counsel erred in stipulating to these exhibits, "which resulted in either the withdrawal or substantial impairment of a potentially meritorious defense," and instead, defense counsel "should have demanded that the State prove their case beyond a reasonable doubt."

The admission of photographs "is eminently suited to the trial court's exercise of its discretion because it requires a cost-benefit calculus and a delicate balance between probative value and prejudicial effect." State v. Edwards, 81 Hawai'i 293, 297, 916 P.2d 703, 707 (1996) (internal quotation marks and brackets omitted). Pursuant to Hawaii Rules of Evidence (HRE) Rule 901(a), "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." This authentication is satisfied by "[t]estimony of witness with knowledge . . . that a matter is what it is claimed to be." HRE Rule 901(b)(1).

Here, the State sought to admit six photographs of the complaining witness's injuries, each depicting the location and extent of different injuries. The photographs were properly authenticated by witness testimony, and the photos corroborated witness testimony about the incident. Accordingly, the photographs were properly admitted and defense counsel did not provide ineffective assistance by failing to object.

Mahuka also takes issue with defense counsel's failure to object to the admission of State's Exhibit 36, a Department of Motor Vehicle (**DMV**) certified document indicating that Mahuka's license was suspended at the time of the incident. Pursuant to HRE Rule 803(b)(8), the DMV document falls under an exception to the hearsay rule as a self-authenticating public record or report. In addition, the record on appeal indicates that defense counsel did in fact object to the DMV document on prejudice grounds and ensured that the Circuit Court redacted potentially damaging information indicating that Mahuka's license was suspended because he failed to pay child support. Thus, defense counsel's action in stipulating to the admissibility of the redacted DMV document appears to have been a reasonable tactical choice and not ineffective assistance of counsel. See State v. Richie, 88 Hawai'i 19, 39-40, 960 P.2d 1227, 1247-48 (1998) ("[M]atters presumably within the judgment of counsel, like trial strategy, will rarely be second-guessed by judicial hindsight.").

Each of the remaining exhibits identified by Mahuka have met the HRE Rule 901(a) condition precedent to admissibility through witness testimony - each exhibit was identified by the complaining witness and Officer Fleigner, and defense counsel was shown each exhibit before it was admitted into evidence. As defense counsel is not expected to make a "futile objection," see Antone, 62 Haw. at 351, 615 P.2d at 106, and there being no other apparent bar to admissibility, defense counsel did not provide ineffective assistance of counsel by failing to object to these exhibits. Additionally, Mahuka fails to establish which, if any, potentially meritorious defense was withdrawn or substantially impaired by defense counsel's failure to object.

While Mahuka generally claims that defense counsel committed errors by failing to object to leading questions, speculations, hearsay testimonies, questions asked and answered, testimony lacking foundation, witness testimony given beyond the

scope of the witness' personal knowledge, prosecutorial testimony, cumulative testimony, irrelevant testimony, the misstatement of evidence, and HRE Rule 403 prejudice, Mahuka does not point to any specific objectionable testimony. A review of the record on appeal does not reveal substantial error. Therefore, Mahuka fails to meet his burden in establishing specific instances of error.

Because the Circuit Court's jury instructions were not erroneous, as discussed above, defense counsel was not ineffective for failing to object to them. "Trial counsel is not required to make futile objections merely to create a record impregnable to assault for claimed inadequacy of counsel." Antone, 62 Haw. at 351-52, 615 P.2d at 106 (citations, internal quotation marks, and ellipsis omitted).

Mahuka also alleges that he received ineffective assistance of counsel because defense counsel "did not cross examine the State's witnesses." Mahuka names three witnesses in particular, (1) Officer Fleigner, (2) Matsuda, and (3) Nau. While Mahuka briefly summarizes the testimony given by these three witnesses, Mahuka fails to cite to any objectionable testimony given by these witnesses, and he fails to suggest how the failure to cross-examine these witnesses resulted in the withdrawal or substantial impairment of a potentially meritorious defense. Inasmuch as the decision not to cross-examine a witness is generally in the realm of "tactical decisions" made by counsel at trial, after a thorough review of the record on appeal, there is nothing to suggest that the failure to object to or cross-examine these witnesses resulted in the withdrawal or impairment of a potentially meritorious defense. See State v. Silva, 75 Haw. 419, 441, 864 P.2d 583, 593 (1993) (explaining that defense counsel's "tactical decisions at trial generally will not be questioned by a reviewing court").

Mahuka further claims that defense counsel's cross-examination of the complaining witness, and the defendant's case in chief, "just aided the State's case in chief and had the jury focused on the knives rather than any defenses to the charges at hand." It is well-settled that lawyers "require and are permitted broad latitude to make on-the-spot strategic choices in the course of trying a case." State v. Smith, 68 Haw. 304, 311, 712 P.2d 496, 501 (1986) (citations and internal quotation marks omitted). Furthermore, "matters presumably within the judgment of counsel, like trial strategy, will rarely be second-guessed by judicial hindsight." State v. Richie, 88 Hawai'i 19, 39-40, 960 P.2d 1227, 1247-48 (1998) (internal quotation marks omitted). During defense counsel's cross-examination of the complaining witness, counsel did indeed question her about the use of knives. However, it appears he did so in an attempt to argue that Mahuka was not pointing the knives at the complaining witness, and in an attempt to rebut the complaining witness's prior testimony and impeach her credibility. Moreover, defense counsel's questioning of the complaining witness, which elicited testimony that Mahuka did not in fact prevent the complaining witness from leaving the computer room, benefitted Mahuka in that it likely played a role in Mahuka's acquittal of Count One, Kidnapping. Additionally, defense counsel's questioning of Mahuka about the knives appeared to have been a tactical decision to help bolster his defense that he did not in fact point the knives at the complaining witness, and it was the complaining witness who first drew a knife on him. Notwithstanding defense counsel's attempts, the jury might have found Mahuka's testimony self-serving and not credible. If counsel's allegedly erroneous actions or omissions have "an obvious tactical basis for *benefitting* the defendant's case," they "will not be subject to further scrutiny." Briones v. State, 74 Haw. at 462-63, 848 P.2d at 976. Accordingly, defense counsel did not provide ineffective assistance in his cross-

examination of the complaining witness or his presentation of the defense's case-in-chief.  Mahuka has failed to establish ineffective assistance of counsel.

For these reasons, the Circuit Court's August 9, 2011 Judgment of Conviction and Sentence is affirmed.

DATED:  Honolulu, Hawaiʻi, September 12, 2013

On the briefs:

Tae Won Kim
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge